IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

    Plaintiff,

    v.   No. CIV 13-0217 MCA/SMV

CENTRAL NEW MEXICO
CORRECTIONAL FACILITY AND
WARDEN JOE GARCIA,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and will waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff

must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that on February 3, 2013, Plaintiff injured his back when he slipped and fell as he was leaving the shower room.  He was given immediate medical attention and was transported to the hospital for further examination.  The hospital prescribed Oxycodone for Plaintiff's pain, but the drug is not available at the correctional facility.  Plaintiff contends that the slippery floor was in violation of Defendants' constitutional obligation to protect his well-being.  He asks for equitable relief in the form of an order requiring Defendants to fix the floor and to pay his medical bills.

Plaintiff's allegations do not support federal civil rights claims.  "To begin with, while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large.  Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment. . . . Simply put, '[a] "slip and fall," without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.' " *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (quoting *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D. W.Va. 1983)).  Plaintiff's complaint fails to state a claim for relief under § 1983 and will be dismissed with prejudice.  *But see Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal with prejudice categorically precludes adjudication of state law claims in state court).

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 5) and Motion to Proceed (Doc. 7) are GRANTED, and an initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly installment payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why payment should be excused, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE